# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUYABA BACHIROU,<br><br>                              Petitioner,<br><br>     v.<br><br>JEREMY CASEY, *et al.*,<br><br>                            Respondents. | Case No. 26-cv-03322-BAS-MMP<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 9)** |

Petitioner Kouyaba Bachirou filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 9.) The Government concedes that, given the Court's prior rulings, Petitioner is entitled to a bond hearing where the Government would bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a risk of flight. (ECF No. 11.) Petitioner filed a Traverse. (ECF No. 12.) For the reasons stated below, the Court **GRANTS** the Petition and orders a bond hearing.

26cv3322

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    BACKGROUND

Petitioner, a citizen of Benin, entered the United States seeking asylum on January 5, 2025. (ECF No. 9.) He has faced multiple delays in his asylum case because of difficulties locating an appropriate interpreter. (*Id.*)  He has now been in custody for eighteen months. (*See id.*)

## III.    ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). The Government agrees that, given the length of time Petitioner has been in custody, he is entitled to a bond hearing. (ECF No. 11.)  Hence, the Court **GRANTS** the Amended Petition. (ECF No. 9.)

//
//
//
//
//

26cv3322

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Kouyaba Bachirou (A# 249-140-662) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3322